UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ODE A. OBATAIYE, | Civil Action No. 14-5462 (FLW) |
| Plaintiff, | |
| V. | MEMORANDUM AND ORDER |
| GARY LANIGAN, et al., | |
| Defendants. | |

This matter has been opened to the Court by Plaintiff's filing of a Third Amended Complaint (ECF No. 34) and New Jersey Department of Corrections Defendants Gary Lanigan, Charles E. Warren, Jimmy Barnes, Michelle Ricci, and Flora DeFilippo's filing of a motion to dismiss the Third Amended Complaint. (ECF No. 40.) It appearing that:

1. Plaintiff's Second Amended Complaint alleged violations of 42 U.S.C. § 1983 and the New Jersey Civil Rights Act (NJCRA) arising out of his six-and-a-half year confinement in the Management Control Unit (MCU) at New Jersey State Prison (NJSP).[1] (*See* ECF No. 23.) Defendants Lanigan, Warren, Barnes, and Ricci[2] sought dismissal of the Second Amended Complaint on various grounds. (ECF No. 27.) By Opinion and Order dated September 26, 2016, the Court granted the motion to dismiss in part and denied it in part. (ECF No. 29; *see also* ECF No. 28.) The Court dismissed with prejudice the official capacity claims for damages against the Moving Defendants. (*Id.*) The official capacity claims for declaratory relief were dismissed without prejudice as to the Moving Defendants. (*Id.*) Plaintiff's conspiracy claim

---

[1] A more detailed procedural history is recounted in the Court's prior opinions.

[2] Defendant DeFilippo did not seek dismissal of the Second Amended Complaint; as such, none of the claims were dismissed as to this Defendant.

1

under § 1983 and the NJCRA were dismissed without prejudice as to the Moving Defendants. (*Id.*) Plaintiff's due process claims under the Fourteenth Amendment and the NJCRA were dismissed without prejudice as to the Moving Defendants. (*Id.*) The Court, however, denied the motion to dismiss the Eighth Amendment and NJCRA claims related to extreme temperatures in the MCU as to Defendants Warren and Ricci. (*Id.*) The claims related to the extreme temperatures in the MCU were dismissed without prejudice as to Defendants Lanigan and Barnes. (*Id.*) Plaintiff's remaining conditions of confinement claims under the Eighth Amendment and the NJCRA were dismissed without prejudice as to all Moving Defendants. (*Id.*) The Court permitted Plaintiff to file a Third Amended Complaint within 45 days to the extent he could cure the deficiencies in the claims that the Court dismissed without prejudice. (*Id.*)

2. On October 18, 2016, Plaintiff submitted what he characterized a "Motion for Summary Judgment" pursuant to Fed. R. Civ. P. 56 as to Defendants Warren and Ricci with respect to his Eighth Amendment and NJCRA claims related to the extreme temperatures in the MCU. (ECF No. 33.) In his certification attached to the motion, Plaintiff appears to state that he is seeking summary judgment on these claims against Defendants Warren and Ricci, and that he would file a Third Amended Complaint with respect to those claims the Court dismissed without prejudice. (ECF No. 33-2, Plaintiff's Cert. at ¶¶ 1-5.) The summary judgment motion relied solely on the allegations in Plaintiff's Complaint.[3] (*See id.*)

---

[3] Plaintiff's summary judgment motion was premature and was not properly supported with evidence beyond the mere allegations in his Complaint. Under Fed. R. Civ. P. 56. (c)

> a party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only),

3. On November 10, 2016, Plaintiff's Third Amended Complaint was docketed. (ECF No. 34.) The Third Amended Complaint does not include any Eighth Amendment or NJCRA claims related to Plaintiff's conditions of confinement and alleges only violations of the Fourteenth Amendment and state law based on Plaintiff's initial placement in the MCU and allegedly defective review hearings. (*See id.*)

4. On November 22, 2016, Robert P. Preuss wrote to the Court asking that Plaintiff's summary judgment motion be dismissed as moot in light of the filing of the Third Amended Complaint. (ECF No. 35.) The Court granted that request on June 1, 2017. (ECF No. 45.)

5. In the meantime, Defendants moved to dismiss the Third Amended Complaint on January 9, 2017. (ECF No. 40.) They argue that the Court should deem Plaintiff's Eighth Amendment claims "withdrawn" because Plaintiff failed to include them in his Third Amended Complaint. (ECF No. 40-1, Moving Br. at 4.)

6. "[An] amended complaint 'supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.'" *W. Run Student Hous. Associates, LLC v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (citing *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1504 (3d Cir. 1996) (emphasis added); *see also* 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008). An amended complaint may adopt some or all of the

---

admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56. As such, had the Court not dismissed this motion as moot, *see infra*, it would have denied the motion on the merits.

allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*; *see also Stevenson v. County Sheriff's Office of Monmouth*, No. 13-5953, 2015 WL 512423, at *8 n.2 (D.N.J. Feb. 6, 2015) (explaining same).

7. Here, Plaintiff's Third Amended Complaint did not incorporate the allegations from his Second Amended Complaint; however, his other submissions make it clear that he did not wish to withdraw his Eighth Amendment and NJCRA claims against Warren and Ricci that are based on extreme temperatures in the MCU. Because Plaintiff is proceeding *pro se* and the Court must construe his filings liberally, the Court will permit Plaintiff one final opportunity to file <u>a single all-inclusive Fourth Amended Complaint</u>, that includes both his Eighth Amendment and NJCRA claims against Warren and Ricci based on extreme temperatures <u>and</u> his Fourteenth Amendment and NJCRA claims against Moving Defendants based on his placement in the MCU and allegedly defective review hearings.[4] Plaintiff shall submit his Fourth Amended Complaint within 30 days of the date of this Memorandum and Order.

8. In light of this ruling, the Court will deny the motion to dismiss at this time. (ECF No. 40.) Defendants may, however, move to dismiss the Fourth Amendment Complaint, in whole or in part, if appropriate. If Plaintiff fails to file a Fourth Amended Complaint within 30 days or otherwise fails to respond to the Court's Order, the Court shall consider the Eighth Amendment claims withdrawn and permit Moving Defendants to refile their motion to dismiss the Third Amended Complaint.

**IT IS THEREFORE**, on this <u>15th</u> day of <u>August</u>, 2017,

---

[4] Plaintiff shall not include any claims that the Court has already dismissed with prejudice.

**ORDERED** that, within 30 days of the date of this Order, Plaintiff may file <u>a single all-inclusive Fourth Amended Complaint</u>; and it is further

**ORDERED** that, in light of this ruling, the Court denies Defendants' motion to dismiss the Third Amended Complaint at this time (ECF No. 40); Defendants may move to dismiss the Fourth Amendment Complaint, in whole or in part, if appropriate; and it is further

**ORDERED** that if Plaintiff fails to file a Fourth Amended Complaint within 30 days or otherwise fails to respond to the Court's Order, the Court shall consider the Eighth Amendment claims withdrawn and shall permit Moving Defendants to refile their motion to dismiss the Third Amended Complaint; and it is further

**ORDERED** that the Court shall send a copy of this Memorandum and Order to Plaintiff at the address on file.

<u>*s/Freda L. Wolfson*</u>
Freda L. Wolfson
United States District Judge